# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERTO DONOLO, | ) |
| Plaintiff, | ) ) ) Case No. _____ |
| v. | ) ) JURY TRIAL DEMANDED |
| PROTEOSTASIS THERAPEUTICS, INC., DAVID ARKOWITZ, FRANKLIN BERGER, MEENU CHHABRA, BADRUL A. CHOWDHURY, KIM COBLEIGH DRAPKIN, EMMANUEL DULAC, JEFFREY W. KELLY, YUMANITY THERAPEUTICS, INC., YUMANITY HOLDINGS, LLC, and PANGOLIN MERGER SUB, INC., | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On August 22, 2020, Proteostasis Therapeutics, Inc.'s ("Proteostasis" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused Proteostasis to enter into an agreement and plan of merger and reorganization (the "Merger Agreement") with Yumanity Therapeutics, Inc. ("Yumanity"), Yumanity Holdings, LLC ("Holdings"), and Pangolin Merger Sub, Inc. ("Merger Sub").

2. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Yumanity, with Yumanity surviving as a wholly-owned subsidiary of Proteostasis; and (ii) each share of Yumanity common stock will be converted into the right to

receive shares of Proteostasis common stock such that former Proteostasis shareholders will own approximately 32.5% of the combined company and Yumanity's shareholders will own approximately 67.5% (the "Proposed Transaction").

3. On September 23, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC"), which recommends that Proteostasis' stockholders vote to approve, among other things, the issuance of stock in connection with the Proposed Transaction.

4. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Proteostasis common stock.

9. Defendant Proteostasis is a Delaware corporation and maintains its principal executive offices at 80 Guest Street, Suite 500, Boston, Massachusetts 02135. Proteostasis' common stock is traded on the NASDAQ Global Market under the ticker symbol "PTI."

10. Defendant David Arkowitz is a director of the Company.

11. Defendant Franklin Berger is Chairman of the Board of the Company.

12. Defendant Meenu Chhabra is Chief Executive Officer, President, and a director of the Company.

13. Defendant Badrul A. Chowdhury is a director of the Company.

14. Defendant Kim Cobleigh Drapkin is a director of the Company.

15. Defendant Emmanuel Dulac is a director of the Company.

16. Defendant Jeffrey W. Kelly is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Yumanity is a Delaware corporation and a party to the Merger Agreement.

19. Defendant Holdings is a Delaware limited liability company and a party to the Merger Agreement.

20. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Proteostasis, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

21. Proteostasis is a clinical stage biopharmaceutical company that develops small molecule therapeutics to treat cystic fibrosis and other diseases caused by dysfunctional protein processing.

22. On August 22, 2020, the Board caused Proteostasis to enter into the Merger Agreement.

23. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Yumanity, with Yumanity surviving as a wholly-owned subsidiary of Proteostasis; and (ii) each share of Yumanity common stock will be converted into the right to receive shares of Proteostasis common stock such that former Proteostasis shareholders will own approximately 32.5% of the combined company and Yumanity's shareholders will own approximately 67.5%.

24. According to the press release announcing the Proposed Transaction:

> Yumanity Therapeutics and Proteostasis Therapeutics, Inc. (Nasdaq: PTI) today announced that the companies have entered into a definitive merger agreement. The combined company, operating under the name Yumanity Therapeutics, Inc., will leverage a common scientific expertise in the area of protein misfolding to advance Yumanity's pipeline of innovative, disease-modifying programs for neurodegenerative diseases. . . .
>
> About the Proposed Merger
>
> Under the terms of the merger agreement, PTI will acquire all outstanding shares of Yumanity in exchange for newly-issued shares of PTI common stock. Upon completion of the proposed acquisition, it is anticipated that existing PTI shareholders will own approximately 32.5% of the combined company and Yumanity shareholders will own approximately 67.5% of the combined company. The actual allocation will be subject to adjustment based on each company's outstanding equity ownership and Proteostasis' net cash balance at the time of closing of the merger. Following completion of the merger, the Yumanity Board of Directors will be expanded to nine persons to include the appointment of two

current Proteostasis directors. The existing Yumanity Directors will continue to serve in their current positions and Dr. Coles will remain as chairperson.

The transaction has been approved by the boards of directors of both companies. The merger is expected to close in the fourth quarter of 2020, subject to customary closing conditions, including approval of the merger by the shareholders of PTI. The combined company is expected to trade on the NASDAQ Global Market under the ticker symbol YMTX.

In conjunction with this merger announcement, PTI has reduced its workforce by 79%. As of today, PTI has five full time employees supporting the proposed merger transaction and strategic efforts related to PTI's CF assets.

MTS Health Partners, L.P. is serving as the exclusive financial advisor to PTI and Cooley LLP is serving as legal counsel to PTI. Goodwin Procter LLP is serving as legal counsel for Yumanity.

### *The Registration Statement Omits Material Information, Rendering It False and Misleading*

25. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

26. As set forth below, the Registration Statement omits material information.

27. First, the Registration Statement omits material information regarding the Company's and Yumanity's financial projections.

28. The Registration Statement fails to disclose the Company's financial projections.

29. With respect to Yumanity's financial projections, the Registration Statement fails to disclose: (i) for each set of projections, all line items used to calculate operating income and gross profit; (ii) unlevered free cash flow for the Unadjusted Yumanity Projections; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

30. The Registration Statement further fails to disclose the value of the "CF Assets."

31. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, MTS Health Partners, L.P. ("MTS").

33. With respect to MTS's Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 12% to 16%; (ii) the unlevered free cash flows used in the analysis and all underlying line items; and (iii) MTS's basis for assuming no terminal value.

34. With respect to MTS's Public Trading Comparable Companies Analysis, the Registration Statement fails to disclose: (i) the number of fully diluted outstanding shares used in the analysis; and (ii) the total cash and cash equivalents used in the analysis.

35. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

36. Third, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

37. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

38. Fourth, the Registration Statement fails to disclose the terms of each confidentiality agreement executed by the Company during the process leading up to the execution of the Merger Agreement.

39. The omission of the above-referenced material information renders the Registration Statement false and misleading.

40. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Proteostasis

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Proteostasis is liable as the issuer of these statements.

43. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within Proteostasis, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

44. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

45. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote

on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

46. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

47. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

48. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and Yumanity

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50. The Individual Defendants and Yumanity acted as controlling persons of Proteostasis within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Proteostasis and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

51. Each of the Individual Defendants and Yumanity was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of

the statements or cause them to be corrected.

52. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

53. Yumanity also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

54. By virtue of the foregoing, the Individual Defendants and Yumanity violated Section 20(a) of the 1934 Act.

55. As set forth above, the Individual Defendants and Yumanity had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 16, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*